FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
2006 MAR -6 PM 4: 29
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LAURY J. HOSTETLER and<br>JERRY HOSTETLER, Wife and Husband, | )<br>) | CIVIL ACTION NO. |
| Plaintiff, | )<br>)<br>) | 4:06CV3049 |
| vs. | )<br>) | |
| KIA MOTORS AMERICA, INC.,<br>A California Corporation, and KIA<br>MOTORS CORPORATION, a Foreign<br>Corporation, | )<br>)<br>)<br>)<br>) | |

## PLAINTIFFS' ORIGINAL COMPLAINT

COMES NOW, Laury J. Hostetler and Jerry Hostetler, wife and husband, by and through their attorneys of record, and allege and state as follows:

1. Plaintiffs Laury J. Hostetler and Jerry Hostetler are wife and husband and reside in and are citizens of Raymond, Lancaster County, Nebraska.

2. Kia Motors America, Inc. is a California corporation and an authorized dealer of Kia automobiles, with its principle business in Irvine, California and at all times relevant was doing business in Nebraska. The registered agent for service of process for Kia Motors America, Inc. is CT Corporation Systems, 301 S. 13th Street, Suite 500, Lincoln, NE 68508.

3. Defendant, Kia Motors Corporation, is a foreign corporation and at all times doing business in the state of Nebraska, and service of process upon this Defendant may be had by serving its president Noi-Myung Kim, 231231, Yangjae-Dong, Seocho-Ku, Seoul, 137-938, Republic of Korea.

4. At all times relevant to the Complaint, the Defendants were doing business in the state of Nebraska, and were engaged in the business of designing, manufacturing, fabricating, assembling and distributing and selling Kia Sephia automobiles within said State. The subject automobile is commonly advertised, sold, used and consumed in the state of Nebraska, in the ordinary course of commerce, trade or use.

5. This court has jurisdiction over the lawsuit under the provisions of 28 U.S.C. § 1332 and 28 U.S.C. § 1441 (c). The parties to this lawsuit are citizens of different states and the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs. Venue is proper in this court as the accident happened in Gage County, Nebraska and Defendants engage in business activities in this State.

6. That at the time of the accident that forms the basis of this action, Plaintiff Laury J. Hostetler was 45 years of age, having been born on January 7, 1959 and had a life expectancy of 34.3 years.

7. On or about December 30, 2004, Plaintiff Laury J. Hostetler was driving her 2000 Kia Sephia (VIN #KNAFB1214Y5092744) traveling westbound on Elm Road approximately .5 miles west of the intersection of Elm Road and State Highway 77 in Gage County, Nebraska. That on or about that time, a second vehicle was traveling eastbound in Plaintiff's lane of traffic forcing Plaintiff to swerve to avoid said vehicle, causing Plaintiff to lose control over her vehicle, causing it to leave the road to the left of the road, striking the ditch and rolling the vehicle.

8. At the time of the collision, Plaintiff Laury J. Hostetler was properly wearing her 3 point seat belt. Despite being properly restrained, Plaintiff Laury J. Hostetler was ejected from the vehicle, and received serious, life-threatening injuries.

9. It was entirely foreseeable to and well-known by the Defendants that accidents and incidents involving its vehicles, such as occurred herein, would on occasion take place during the normal and ordinary use of said vehicle.

10. Plaintiff's injuries occurred because the vehicle in question was not reasonably crashworthy and was not reasonably fit for unintended, but clearly foreseeable accidents. The vehicle in question was unreasonably dangerous in the event it should be involved in an accident because the vehicle integrity is weak, inferior, and insufficient.

## I. NEGLIGENCE

11. That Plaintiffs incorporate herein and makes a part hereof by reference, the same as if it were set forth in full herein, paragraphs 1 through 10.

12. At all times relevant to the Complaint, the Defendants were in the business of supplying motor vehicles and seatbelts for use for the public. The Defendants held themselves out as having special expertise in the industry. As such, the Defendants owed the Plaintiffs a duty to use reasonable care in the design, manufacture, preparation, testing, instructing, and warning surrounding the Kia Sephia. The Defendants violated their duty by supplying a vehicle that was defective.

13. The injuries to Plaintiff were proximately caused by the negligence of the Defendants in the following particulars:

    A. Defendants designed, manufactured, marketed, assembled and tested said vehicle in question to be unreasonably dangerous and defective within the meaning of Section 402(a), *Restatement (Second) of Torts*, in that the vehicle was unreasonably dangerous as designed, manufactured, assembled, marketed, and tested.

    B. Defendants knew that on certain passenger and sport utility vehicles, the front

safety belt buckles may emit a "click" sound during the buckling process that is similar to the sound emitted when a buckle is being latched, when it is not. As a result, the latch can then pull out of the buckle when tension is applied.

C. Defendants were negligent in the design, manufacture, assembly, marketing, and testing of the vehicle in question, including, but not limited to, failure to perform rollover crash testing and the result on front safety belt buckles.

D. The injury occurred because the vehicle in question and its seatbelts and parts were not reasonably crashworthy and were not reasonably fit for unintended, but clearly foreseeable accidents. The vehicle in question was unreasonably dangerous in the event it should be involved in an accident because of the vehicle's design, manufacture, assembly, marketing and testing.

14. The foregoing acts and/or omissions of the Defendants were a producing and/or proximate cause of Plaintiff's damages.

15. The foregoing acts and/or omissions of the Defendants were a producing and/or proximate cause of Plaintiff's bodily injuries.

16. These acts of negligence were a proximate cause of the injuries and damages suffered by the Plaintiff. The dangers referenced in this Complaint earlier were reasonably foreseeable or scientifically discoverable at the time of exposure and manufacture.

## II. STRICT LIABILITY & BREACH OF WARRANTY

17. That Plaintiffs incorporate herein and makes a part hereof by reference, the same as if it were set forth in full herein, paragraphs 1 through 16.

18. At all times relevant to the Complaint, the Defendants were in the business of designing, manufacturing or otherwise distributing motor vehicles and its component parts including seatbelts for public use. The Kia Sephia was defective and unreasonably dangerous at the time it was designed, manufactured and distributed. The defective nature of the design of the Kia Sephia included defects in design, assembly, crashworthiness, warnings with regard to its component parts such as, but not limited to, its seatbelts.

19. The seatbelt used in the above named Kia Sephia was defective and unreasonably dangerous at the time it was designed, assembled, manufactured and distributed. The catastrophic failure was due to design and/or manufacturing defects that resulted in the failure. The defects created an emergency condition that was uncontrollable and injurious to Plaintiff. The Defendants are therefore strictly liable for supplying a defective and unreasonably dangerous product that resulted in Plaintiffs' damages.

20. A safer, alternative design of the vehicle and seatbelt was economically and

technologically feasible at the time the product left Defendants' control and placed into the stream of commerce.

21. At all times relevant to the Complaint, the Defendants were "merchants" in the business of supplying goods. The Sephia and its seatbelt were "goods" and/or "products" sold for consumer usage. As such, the Defendants breached the warranties of merchantability and fitness for a particular purpose in that the Sephia was not fit for ordinary use or for the intended use for which it was purchased.

22. These actions and inactions by Defendants proximately resulted in the injuries and damages suffered by Plaintiff. Notice has been provided as required by law.

### III. LOSS OF CONSORTIUM

23. That Plaintiffs incorporate herein and makes a part hereof by reference, the same as if it were set forth in full herein, paragraphs 1 through 22.

24. Plaintiffs Jerry Hostetler and Laury J. Hostetler are and at all times relevant were husband and wife, having been married in the State of Nebraska.

25. That as a further direct and proximate result of the negligent acts of the Defendants, Plaintiff Jerry Hostetler, the spouse of Plaintiff Laury J. Hostetler has sustained extreme emotional distress, mental anguish, a loss of consortium of his wife, as well as a loss of comfort, companionship and society and will continue to experience those losses in the future.

### IV. DAMAGES

26. That Plaintiffs incorporate herein and makes a part hereof by reference, the same as if it were set forth in full herein, paragraphs 1 through 25.

27. The foregoing acts and/or omissions of Defendants were a producing and/or proximate cause of the Plaintiffs' damages.

28. The foregoing acts and omissions of Defendants were a producing and/or proximate cause of Plaintiff's serious injuries.

29. As a result of the acts and/or omissions of Defendants, Plaintiff Laury J. Hostetler has suffered pain and suffering, extreme emotional distress, and mental anguish in the past and will into the future as a result of her injuries.

30. As a result of the acts and/or omissions of Defendants, Plaintiffs Laury Hostetler and Jerry Hostetler have become obligated to pay reasonable and necessary medical expenses in the past and in all likelihood, will into the future as a result of Plaintiff Laury Hostetler's injuries. Medical expenses to date total $350,000 plus, and are still continuing.

31. As a result of the acts and/or omissions of Defendants, Plaintiff Laury Hostetler has suffered lost wages in the past and diminished earning capacity into the future as a result of her injuries.

32. As a result of the acts and/or omissions of Defendants, Plaintiff Laury Hostetler has experienced physical impairment and disfigurement into the past and, will into the future as a result of their injuries.

33. As a result of the acts and/or omissions of Defendants, Plaintiff Jerry Hosteler has suffered pain and suffering, extreme emotional distress, mental anguish and loss of consortium in the past and, in all likelihood, will into the future as a result of the injuries to Plaintiff Laury Hostetler.

34. The above and foregoing acts and/or omissions of Defendants, resulting in the injuries and damages to Plaintiffs, have caused actual damages to Plaintiffs in an amount in excess of the minimum jurisdictional limits of this Court.

## V. JURY DEMAND

35. Pursuant to applicable law, the Plaintiff requests a trial by jury on all issues.

WHEREFORE, Plaintiff demands trial by jury and further prays for judgment against the Defendants in an amount as yet undetermined for special damages, interest from the date of judgement, costs of this action, general damages in a sum to be determined by the Court, and for such other and further relief as the Court may determine just.

Dated this 10 day of March, 2006.

By:

LAURY J. HOSTETLER and JERRY HOSTETLER, Husband and Wife, Plaintiffs,

James A. Cada, #10553
Edward F. Hoffman, #21397
1024 K Street
Lincoln, NE 68508
(402) 477-2233

and

E. Todd Tracy (Texas Bar No.: 20178650)
Tracy and Carboy
5473 Blair Road, Suite 200
Dallas, TX 75231
(214) 324-9000