IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

LAURY J. HOSTETLER and
JERRY HOSTETLER,

          Plaintiffs,

vs.

KIA MOTORS AMERICA, INC., et al.,

          Defendants.

Case No. 4:06CV3049

**STIPULATED PROTECTIVE ORDER**

    This day came the parties, by counsel, and represented the following:

    WHEREAS, in recognition of the fact that plaintiffs Laury J. Hostetler and Jerry Hostetler and their counsel of record ("Plaintiffs") will seek from Kia Motors America, Inc. ("KMA"), Kia Motors Corporation ("KMC") and other Kia entities (collectively, "Defendants") documents and information which constitute, refer to, or otherwise incorporate trade secrets, and confidential and/or proprietary information (hereinafter referred to as the "Documents" and/or "Information"); and

    WHEREAS, Defendants recognize that certain of such documents and information may be subject to discovery from time to time in the course of the litigation of the above-captioned matter (hereinafter referred to as the "Action");

    NOW THEREFORE, Plaintiffs and Defendants, by and through their attorneys, stipulate to the following:

    1.    All Documents and Information produced or disclosed by Defendants to Plaintiffs in this Action whether voluntarily or pursuant to discovery demand or court order, and which are

not already a matter of public record, shall be provided only to Plaintiffs, including Plaintiffs' counsel in this Action. (Documents and Information which do not constitute, refer to, or otherwise incorporate trade secrets, and confidential and/or proprietary information or which have already been made public are not covered by this Stipulation.) Those persons who are employees of Plaintiffs' counsel may have access to such Documents and Information on a need to know basis. Any consultant or expert retained by Plaintiffs may have access to such Documents and Information once they have agreed in writing, in the form described in paragraph 5 of this Stipulation, to abide by the provisions of this Stipulation. This Stipulation shall not limit the Plaintiffs' right to use the Documents and Information in connection with any legal proceeding related to this action, including trial or appeal. However, said Documents and Information used in connection with any legal proceeding , including deposition testimony, related to this action may be sealed upon application of Defendants and order of the Court.

2. Documents produced by Defendants which are subject to this Stipulation and any Order entered by the Court may be marked, "Privileged and Confidential -- Subject to Stipulation and Protective Order."

3. The Documents and any Information derived from examination of said Documents as well as any other Information provided to Plaintiffs which Defendants identify as confidential shall be used only in connection with this Action and shall not be used in connection with any other lawsuit, arbitration, claim, proceeding, or for any other purpose, except upon the written stipulation of the parties or order of the Court.

4. Plaintiffs in this Action may publish the Documents and Information produced by Defendants in this Action only to those persons identified in paragraph 1 of this Stipulation who have a need to review, rely on and/or analyze such Documents and Information for the purpose

2

of prosecuting this Action.  Plaintiffs shall not provide such Documents or Information to any other person or entity for any purpose whatsoever, except as permitted by this Stipulation or by mutual consent of the parties.

5. Except as provided in paragraph 4 above, the persons covered by this Stipulation are prohibited from disseminating in any fashion, manner or method the Documents and Information produced herein by the Defendants, or any of them, or any copies, notes, summaries, extracts or digests thereof, without the further written Stipulation of Defendants or by Order of the Court.

6. Prior to the dissemination of any of the Documents or Information to any person, firm or organization, Plaintiffs shall ensure that each such person, firm or organization has agreed to be subject to the jurisdiction of this Court in the event of any violation or alleged violation of this Stipulation or any Order issued pursuant thereto.  Plaintiffs shall not disclose, by any means whatsoever, any Documents or Information until the person, firm or organization to whom disclosure is to be made has:

(i) read this Stipulation and any Order thereon in its entirety;

(ii) signed a copy of this Stipulation and any Order issued thereon signifying agreement to its provision and consent to the jurisdiction of the Court over them.

7. Plaintiffs shall maintain a list of all persons, firms or organizations who have received Documents and/or Information.  At the conclusion of this Action, Plaintiffs will furnish the attorneys for Defendants a list of all persons, firms or organizations, including any expert consultants not designated as expert witnesses by Plaintiffs, who have received any Documents or Information, as well as the Stipulation signed by each of them.

8. The production of Documents or Information shall not constitute a waiver of

Defendants' claim in this Action or otherwise that said Documents or Information are privileged or are otherwise non-discoverable.

9. All Documents and Information, and copies of such materials, shall be surrendered to the attorneys for Defendants at the conclusion of this Action, or shall be destroyed by Plaintiffs. All notes, digests, summaries and extracts derived from such Documents and Information shall be destroyed by Plaintiffs at the conclusion of this Action. Plaintiffs' attorneys shall certify, within twenty (20) days of the conclusion of this Action, by declaration under penalty of perjury, that the requirements of this paragraph have been met by all persons signing this Stipulation.

10. Any Documents or Information subject to this Stipulation may later be removed from the terms of this only by (a) written stipulation of the parties, (b) by written statement provided by Defendant, or (c) by order of the Court.

11. The Court shall retain jurisdiction to enforce this Stipulation and any Order issued pursuant thereto for six months after the conclusion of this Action. Any party seeking to enforce this Stipulation or Order or claiming a breach thereof may move at a noticed hearing for contempt or for appropriate sanctions provided in Nebraska. The Court may award attorneys fees and costs to the prevailing party on the motion pursuant to Nebraska statute.

IT IS SO ORDERED.

DATED: October 24, 2006

BY THE COURT

s/ *David L. Piester*

David L. Piester
United States Magistrate Judge

4

2105381v1

_____
E. Todd Tracy, Esq.
Tracy and Carboy
5473 Blair Road – Suite 200
Dallas, Texas 75231
Telephone: (214) 324-9000

and

James A. Cada, Esq.
Edward F. Hoffman, Esq.
Cada, Froscheiser, Cada & Hoffman
1024 K Street
Lincoln, Nebraska 68508
Telephone: (402) 477-2233
ATTORNEYS FOR PLAINTIFFS


SHOOK, HARDY & BACON L.L.P.


By: _____
     Robert T. Adams, Esq.
     Douglas W. Robinson, Esq.
     Chad R. Beashore, Esq.

2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Telephone No: 816-474-6550
Facsimile No: 816-421-5547

and

John A. Svoboda, #19888
Gross & Welch PC
Omaha Tower
2120 South 72nd Street – Suite 1500
Omaha, Nebraska 68124-2342
Telephone No: 402-343-7807
Facsimile No: 402-392-1538
ATTORNEYS FOR DEFENDANTS

2105381v1

KIA MOTORS AMERICA, INC. AND
KIA MOTORS CORPORATION

2105381v1